# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jill Rudolph, as Trustee for the Heirs and Next-of-Kin of Abby Rudolph, deceased, | Case No. 0:18-cv-01020 WMW/LIB |
| Plaintiffs, | |
| vs. | |
| MEnD Correctional Care, PLLC, et al., | |
| Defendants. | |

## COUNTY DEFENDANTS' STATEMENT OF THE CASE

Pursuant to the Court's Pretrial Notice and Order, Defendants Julie Savat, Justin Roberts, Raynor Blum, Nancy Livingood, Ashley Johnson, Tiffany Larson, Deborah Benson, Jana Bartness, Ryan Magnusson, Anastacia Hermes, Joel Torkelson, Anthony Hanson, Amber Nelson, Cassie Olson, Devin Lien, Richard Stetz, Brianna Then, Amy Rood, Lucas Heck, Kari White-Tuton, and Clay County ("County Defendants") submit this Statement of the Case.

On October 30, 2016, Abby Rudolph ("Rudolph") was booked into the Clay County jail following an arrest for shoplifting. During the intake process, Rudolph denied using drugs or alcohol and denied having any medical

problems. She was also cooperative and did not appear to be under the influence. As a result, she was placed into female general population.

On October 31, 2016, at 10:00 am, Rudolph was given a medical evaluation by the MEnD nurse on duty. Rudolph admitted being diagnosed with anxiety in the past and admitted using heroin four months earlier.

That evening, at 8:50 pm, Corrections Officer (CO) Livingood reported that CO Reynor was on his rounds and received a note from the female block that Rudolph was withdrawing from heroin and Rudolph had heroin hidden in her panties. CO Livingood spoke with Rudolph who admitted she had used a little heroin but was okay and would let staff know if she was having any problems. On November 1, 2016, at approximately 7:10 am, Rudolph was moved from female general population to Holding Cell 3. At 2:04 pm, Rudolph showered during her hour out of lock-up, was given clean linens, and provided a urine sample for urinalysis testing by the nurse.

At 7:51 pm, CO Benson was conducting his rounds and could hear Rudolph yelling from Holding Cell 3. Rudolph was asking for a CO and was mumbling. CO Benson responded by asking her to repeat what she had said. Rudolph stated her water did not work and the nurse had told her to stay hydrated. Rudolph also talked about things that did not make sense and fidgeted with a toilet paper roll. CO Benson reported this conduct to CO Bartness. CO

Bartness made contact with Rudolph and Rudolph informed her she was detoxing from heroin. CO Bartness made the decision to have Rudolph moved to a High-Risk Holding Cell. Later that night, at approximately 10:45 pm, Rudolph was moved to High-Risk Holding Cell 1 and placed on medical watch.

On November 2, 2016, Rudolph was again evaluated by a MEnD nurse. Rudolph told the nurse she was sick to her stomach and had vomited on the floor of her cell. The nurse told her to sip on fluids and encouraged her to use the toilet next time she needed to vomit. Rudolph explained she did not realize what she was doing. MEnD nursing staff gave Rudolph a vomit bag for her to use and issued a Diet Order stating Rudolph should be placed on a clear liquid diet starting with lunch until she stopped vomiting. Rudolph was returned to her High-Risk Cell.

From November 2 to November 3 correctional officers continued to address Rudolph's needs while regularly checking in on her condition, which remained the same. On November 3 at 12:29 am, CO Cole provided Rudolph more Gatorade, a glass of water, a new vomit bag, and removed garbage from her cell. At 4:34 am, CO Cole gave Rudolph a new vomit bag and at 5:00 am CO Cole gave Rudolph juice, milk and Gatorade for her breakfast. At 12:12 pm, CO Hermes offered Rudolph her hour out of her cell, but she declined.

At 2:07 pm on November 3, CO Hermes requested the MEnD nurse on duty respond to the Holding shower area because Rudolph was possibly having a seizure. At 2:14 pm, the Moorhead Fire Department arrived to provide medical care for Rudolph. At 2:16 pm, a Fargo-Moorhead ambulance arrived. Paramedics administered medical treatment and continued life support until Dr. Sauter of Essential Hospital in Fargo gave them the order to discontinue at 2:52 pm.

The County Defendants submit that the individual Correctional Officers were not deliberately indifferent to any medical need of which they were aware. COs appropriately responded when Rudolph's condition deteriorated. Rudolph was provided medical care, and COs continued to address Rudolph's needs while regularly checking in on her condition, which remained the same. When Rudolph began to have seizures, COs immediately contacted medical professionals.

The County Defendants deny violating Rudolph's constitutional rights and submit Plaintiff has failed to support a 42 U.S.C. § 1983 claim. These Defendants further assert their actions were objectively reasonable and Plaintiff's claims are barred by the legal doctrines of qualified and official immunity.

|  |  |
|---|---|
| | IVERSON REUVERS CONDON |
| Dated: August 20, 2018 | By s/Jason M. Hiveley<br>Jason M. Hiveley, #311546<br>Andrew A. Wolf, #398589<br>9321 Ensign Avenue South<br>Bloomington, MN 55438<br>jasonh@irc-law.com<br>andrew@irc-law.com<br>(952) 548-7200<br><br>*Attorneys for Defendants Julie Savat, Justin Roberts, Raynor Blum, Nancy Livingood, Ashley Johnson, Tiffany Larson, Deborah Benson, Jana Bartness, Ryan Magnusson, Anastacia Hermes, Joel Torkelson, Anthony Hanson, Amber Nelson, Cassie Olson, Devin Lien, Richard Stetz, Brianna Then, Amy Rood, Lucas Heck Kari White-Tuton, and Clay County* |