UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Casler, as Trustee for the Heirs and Next-of-Kin of Abby Rudolph, deceased, | Civ. No. 18-cv-1020(WMW/LIB) |
| Plaintiffs, | |
| vs. | **PROTECTIVE ORDER** |
| MEnD Correctional Care, PLLC, et al., | |
| Defendants. | |

Upon consideration of the parties' Stipulation for Protective Order [Docket No. 36], as slightly modified by the Court pursuant to its inherent authority to manage its pending litigation, **IT IS HEREBY ORDERED** that:

1. **Definitions.** As used in this protective order:
   (a) "attorney" means an attorney who has appeared in this action;
   (b) "Confidential document" means a document designated as Confidential under this protective order;
   (c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;
   (d) "document" means information disclosed or produced in discovery, including at a deposition;
   (e) "notice" or "notify" means written notice;
   (f) "outside vendors" means translator, messenger, copy, coding and other clerical-services vendors not employed by a party or its Attorneys;

1

    (g)    "party" means a party to this action; and

    (h)    "protected document" means a document protected by a privilege or the work-product doctrine.

    (i)    "written assurance" means a signed document in the form attached as Exhibit A.

**2. Designating a Document or Deposition as Confidential.**

    (a)    A party or non-party disclosing or producing a document may designate it as Confidential if the party or non-party contends that it contains Confidential or proprietary information.

    (b)    A party or non-party may designate a document as Confidential by conspicuously marking each page with the word "Confidential."

    (e)    Deposition testimony may be designated as Confidential:

        (1)    on the record at the deposition; or

        (2)    after the deposition, by written notice to the other parties within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript.

    (f)    If a witness is expected to testify as to Confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential documents.

**3. Good Faith.** The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, Documents, things, testimony or other materials designated by them as Confidential under this Protective Order; shall use their best efforts to act in good faith to separate out and segregate Documents, things, and other materials containing Confidential information as defined in paragraph 2 from those that do not contain Confidential information; shall restrict access to Confidential information by all persons except as permitted in Paragraph 4.

**4.     Who May Receive a Confidential Document.**

   (a)   All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4(b). Any other use is prohibited.

   (b)   No person receiving a Confidential document may reveal it, except to:

   (1)   the court and its staff;

   (2)   an attorney or an attorney's partner, associate, or staff;

   (3)   a person shown on the face of the Confidential document to have authored or received it;

   (4)   a court reporter or videographer retained in connection with this action;

   (5)   a party (subject to paragraph 4(c)); and

   (6)   any person who:

   (A)   is retained to assist a party or attorney with this action, including outside vendors; and

   (B)   executes a "written assurance" in the form attached as Exhibit A.

   (c)   A party may supplement the "Confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a Confidential document so designated may not be revealed to another party.

   (d)   If a Confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**5.    Maintaining Written Assurances.** Parties' counsel shall be responsible for maintaining the signed original of each such written assurance until the conclusion of these proceedings, including any appeal.

**6.    Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6. All documents produced by such

third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

7. **Correcting an Error in Designation.** A party or non-party who discloses or produces a Confidential document not designated as Confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as Confidential. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

8. **Use of a Confidential Document in Court.** If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Order **cannot** be used as the sole basis for filing the document under seal in connection with either a nondispositive motion, dispositive motion, trial related motion, or trial. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.** Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary and problematic filing of excessive documents under seal.

**9.    Changing a Confidential Document's Designation.**

   (a)   Document disclosed or produced by a party.  A Confidential document disclosed or produced by a party remains Confidential unless the parties agree to change its designation or the court orders otherwise.

   (b)   Document produced by a non-party.  A Confidential document produced by a non-party remains Confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

   (c)   Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as Confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**10.   Handling a Confidential Document after Termination of Litigation.**

   (a)   Within 60 days after the termination of this action (including any appeals), each party must:

      (1)   return or destroy all Confidential documents; and

      (2)   notify the disclosing or producing party that it has returned or destroyed all Confidential documents within the 60-day period.

   (b)   Notwithstanding paragraph 10(a), each attorney may retain a copy of any Confidential document submitted to the court and correspondence that quotes or describes a Confidential document, and such correspondence remains subject to 4(a).

**11.   Inadvertent Disclosure or Production to a Party of a Protected Document.**

   (a)   Notice.

      (1)   A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides

5

    such notice and description, the privilege or protection is not waived.

  (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

 (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**12.** **Security Precautions and Data Breaches.**

 (a) Each party must make reasonable efforts to protect the Confidentiality of any Confidential document disclosed or produced to that party.

 (b) A party who learns of a breach of Confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**13.** **Modification of the Protective Order.**  Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting Confidentiality as may be appropriate.

**14.** **No Waiver.** No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

**15.** **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

DATED: March 11, 2019         s/Leo I. Brisbois
                     The Honorable Leo I. Brisbois,
                     United States Magistrate Judge

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ .
My telephone number is _____.
I am currently employed by _____,
located at _____, and my current job title is _____.

    I have read and I understand the terms of the Protective Order dated _____, filed in the case captioned *Casler v. MEnD, et al*. 18-cv-1020 (WMW/LIB), pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

    I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

    As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any Confidential document that I received, any copy of or excerpt from a Confidential document, and any notes or other document that contains information from a Confidential document.

    I acknowledge the obligations imposed by the Protective Order shall survive the termination of this action.

    I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____    _____
            (Date)                                   (Signature)