UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Craig Casler *(as Trustee for the Heirs and Next-of-Kin of Abby Rudolph, deceased)*,<br><br>Plaintiff,<br><br>v.<br><br>MEnD Correctional Care, PLLC, et al.,<br><br>Defendants. | Case No. 18-cv-1020 (WMW/LIB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

---

This matter is before the Court on the September 28, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Leo I. Brisbois. (Dkt. 90.) The R&R recommends granting in part and denying in part Defendants' motion for summary judgment. Defendants filed timely objections to the R&R, and Plaintiff filed a timely response. For the reasons addressed below, the Court overrules Defendants' objections, adopts the R&R, and grants in part and denies in part Defendants' motion for summary judgment.

## BACKGROUND[1]

This case arises out of the death of Abby Rudolph while Rudolph was in the custody of Clay County Jail located in Clay County, Minnesota. Rudolph entered the custody of Clay County Jail on October 30, 2016. Fewer than 96 hours later, Rudolph died while in custody. Plaintiff Craig Casler, the trustee for the heirs and next-of-kin of

---

[1] The R&R includes a detailed review of the factual and procedural background that need not be repeated at length here.

Rudolph, seeks damages for Rudolph's allegedly wrongful death. As relevant to the pending objections to the R&R, Defendants are correctional officers who worked at the Clay County Jail while Rudolph was in custody and either directly interacted with Rudolph or acquired knowledge about Rudolph's medical need.[2]

## ANALYSIS

A district court reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). Here, Defendants object to the R&R's qualified-immunity recommendations. The Court addresses each objection in turn.

### I. Defendants' Objections

Defendants object to the R&R's conclusion that they are not entitled to qualified immunity. In order to abrogate qualified immunity, a plaintiff must prove that the facts alleged, when viewed in the light most favorable to the plaintiff, demonstrate (1) a violation of a constitutional right and (2) that the right at issue was "clearly established" at the time of a defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232

---

[2] Defendants MEnD Correctional Care, PLLC, and Nurse Michelle Pender settled with Casler and, therefore, are no longer parties to this lawsuit. The R&R recommends dismissing Defendants Julie Savat, Amy Rood, Ryan Magnuson, Amber Nelson, Raynor Blum, Nancy Livingood, Ashley Johnson, Anastacia Hermes, Richard Stetz, Brianna Then, Kari White-Tuton, Joel Torkelson, Tiffany Larson, Justin Roberts, and Clay County, Minnesota. No parties object to this portion of the R&R. The Court, therefore, adopts this aspect of the R&R. Subsequent references to "Defendants" in this Order pertain to the remaining Defendants, Deborah Benson, Jana Bartness, Anthony Hanson, Cassie Olson, Devin Lien, and Lucas Heck.

(2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)); *accord Wilson v. Lamp*, 901 F.3d 981, 986 (8th Cir. 2018).  Here, Defendants object to the R&R's recommendations as to both aspects of the qualified-immunity analysis.

### A.     Violation of a Constitutional Right

Defendants object to the R&R's analysis of the first element of qualified immunity, which requires a plaintiff to set forth a violation of a constitutional right.  Casler alleges that Defendants violated Rudolph's substantive-due-process rights by acting with deliberate indifference to Rudolph's serious medical need.  A deliberate-indifference claim has an objective and a subjective component.  "The objective component requires a plaintiff to demonstrate an objectively serious medical need." *Thompson v. King*, 730 F.3d 742, 746 (8th Cir. 2013) (internal quotation marks omitted).  "The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *Id.* (internal quotation marks omitted).  Because it is not clear whether Defendants object to the R&R's analysis of the objective component or the subjective component of the deliberate-indifference claim, the Court addresses each component of the deliberate-indifference analysis.

#### 1.     Objectively Serious Medical Need

The R&R concludes that Casler has demonstrated an objectively serious medical need because Rudolph's medical need was so obvious that even a layperson would recognize it.  An objectively serious medical need is one that is either "supported by medical evidence, such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Bailey v. Feltmann*, 810

3

F.3d 589, 594 (8th Cir. 2016) (internal quotation marks omitted). To the extent that Defendants object to this aspect of the R&R's analysis, Defendants appear to argue that the R&R's analysis is conducted "in a vacuum" without considering Defendants' background knowledge. *See Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481–82 (8th Cir. 2008).

The R&R addresses in detail the facts that give rise to a conclusion that each remaining Defendant individually observed circumstances that would lead a layperson to recognize that Rudolph had an objectively serious medical need. Defendants do not challenge the evidentiary basis for these facts. Although Defendants recite facts pertaining to each Defendant in their objections, Defendants fail to establish how those facts, or the law, contradict or otherwise undermine the R&R's determination that Rudolph had an objectively serious medical need that would be obvious to a layperson. Therefore, to the extent that Defendants object to the R&R's determination that Rudolph has demonstrated an objectively serious medical need that was so obvious that even a layperson would recognize it, Defendants' objections are overruled.[3]

---

[3] For a need to be obvious, the law does not require that a particular layperson *in fact* recognized that there was an objectively serious medical need. *See Bailey*, 810 F.3d at 594. Here, however, laypersons not only *could* recognize that Rudolph had a serious medical need, but laypersons—specifically, other inmates—*did* recognize that Rudolph had a serious medical need. And after doing so, these individuals expressed their concerns about Rudolph's serious medical need to at least one correctional officer. This circumstance offers additional support for the R&R's conclusion that Rudolph suffered from an objectively serious medical need.

## 2. Subjective Knowledge of a Serious Medical Need

The R&R also concludes that there is a genuine dispute of material fact as to whether each remaining Defendant had subjective knowledge of Rudolph's serious medical need, thereby precluding summary judgment in Defendants' favor. Because Defendants object to what some of them knew about Rudolph's medical need, Defendants appear to object to the R&R's analysis of whether Defendants had subjective knowledge as to Rudolph's serious medical need.[4]

In particular, Defendants argue that the R&R "focuses entirely on the thoughts of third-party actors" and "treats the remaining [Defendants] as one person," thereby failing to analyze the issue of whether qualified immunity applies as to each Defendant individually.[5] Defendants also contend that "[t]he R&R collapses each aspect of the deliberate indifference analysis into . . . whether Rudolph's medical need was obvious." But a review of the R&R demonstrates otherwise. After analyzing each individual Defendant's conduct, the R&R ultimately determines that there is a genuine dispute of material fact as to whether each individual Defendant had subjective knowledge of

---

[4] Although Defendants recite certain facts about their conduct, Defendants do not persuasively argue, nor does this Court conclude, that the R&R failed to include legally relevant facts.

[5] Defendants' misconstruction of the R&R's analysis appears to arise from a misreading of the R&R. For instance, Defendants argue that "[t]he R&R concludes Hanson 'observed Ms. Rudolph repeatedly vomiting on at least seven occasions.' " But this argument is inconsistent with the R&R's statement: "*As discussed above*, Defendants Benson, Bartness, Hanson, Olson, Lien, and Heck observed Ms. Rudolph repeatedly vomiting on at least seven occasions." (Emphasis added.) The R&R did not fail to analyze Defendants' conduct and knowledge on an individual basis; and Defendants' objections to the contrary, including as specifically applied to Hanson, lack merit.

5

Rudolph's objectively serious medical need. Therefore, Defendants' objection to this aspect of the R&R's qualified-immunity analysis is overruled.

Defendants also object to the R&R's analysis, contending that "[a]bsent from the R&R is a recognition [that] the remaining Defendants, whose conduct occurred on November 1, must be analyzed in light of the events that occurred on November 1." But Defendants' objection is not supported by the record. It is apparent from the record that, while some of the Defendants' actions occurred on November 1, 2016, at least two defendants—Cassie Olson and Devin Lien—interacted with Rudolph on November 3, 2016. Moreover, Defendants fail to establish why a "recognition" of this sort is legally relevant or how such recognition would change the R&R's analysis. A non-specific objection to an R&R is reviewed for clear error and is not reviewed *de novo*. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Having carefully reviewed the R&R and finding no clear error, the Court overrules Defendants' objection.

Defendants also summarily object to the fact that the R&R did not determine that Defendants acted reasonably in response to Rudolph's objectively serious medical need. As this argument was both presented to and considered by the magistrate judge, it is reviewed for clear error. *See id.* (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). Having

carefully reviewed the R&R and finding no clear error, Defendants' objection on this basis is overruled.[6]

The R&R correctly concludes that there are genuine disputes of material fact as to whether Defendants were subjectively aware of Rudolph's objectively serious medical need. And for this reason, summary judgment in Defendants' favor as to the issue of qualified immunity is unwarranted. Consequently, Defendants' objections to the contrary are overruled.

## B. Clearly Established Constitutional Right

Defendants next object to the R&R's conclusion that Plaintiff satisfied his burden of setting forth a clearly established constitutional right. To avoid the application of qualified immunity, a plaintiff must allege facts that defendants' conduct violated a constitutional right that was "clearly established" at the time of the defendants' alleged misconduct. *Pearson*, 555 U.S. at 232 (quoting *Saucier*, 533 U.S. at 201). A clearly established right is one in which existing legal precedent has placed the statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *accord Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). Although courts are cautioned against defining "clearly established law" with an excessive degree of generality, *Ashcroft*, 563 U.S. at 742, "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question."

---

[6] Defendants also argue that "[t]he R&R incorrectly concludes [that] medical staff's ability to access [the jail summary log] is disputed." But in the following sentence, Defendants appear to concede that this fact is indeed disputed by arguing that the "dispute is immaterial." Therefore, Defendants have not, in fact, objected to whether the medical staff's access to the jail summary log is disputed.

7

*Taylor v. Riojas*, No. 19-1261 (*per curiam*), __ S. Ct. __, 2020 WL 6385693, at *1 (2020) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)) (reversing application of qualified immunity to jail officials in a challenge under the Eighth Amendment to the United States Constitution).  As such "officials can still be on notice that their conduct violates established law even in novel factual circumstances." *Hope*, 536 U.S. at 741.  The critical determination is "whether the state of the law" when defendants engaged in the conduct at issue provided "fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Id.*

When Defendants allegedly committed the constitutional violations, long-standing Supreme Court precedent established "that a prison official may be held liable . . . if [the official] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 845, 847 (1994). "The constitutional right to protection from substantial risks, which includes the right to medical care, was clearly established at the time of [plaintiff's] detention." *Stefan v. Olson*, 497 F. App'x 568, 579–580 (6th Cir. 2012) (citations omitted).  In *Thompson v. King*, the United States Court of Appeals for the Eighth Circuit observed that "[t]he Supreme Court has declared that it is unconstitutional for prison officials to act deliberately indifferent to an inmate's serious medical needs."  730 F.3d at 750 (citing *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976)).  Moreover, the Eighth Circuit has concluded that "a reasonable officer would know that it is unlawful to delay medical treatment for a detainee exhibiting obvious signs of medical distress." *Gordon v. Frank*, 454 F.3d 858, 863 (8th Cir. 2006).  As it is unlawful to delay medical treatment

8

for a detainee exhibiting obvious signs of medical distress, *Gordon*, 454 F.3d at 863, surely it is unlawful to delay medical treatment for so long that such treatment either never occurs or is provided at the brink of death. Such are the allegations here. Therefore, long-standing precedent from both the Supreme Court of the United States and the Eighth Circuit clearly establishes that Defendants cannot act with deliberate indifference to a serious medical need without violating the United States Constitution.

Although Defendants argue that the R&R "entirely ignores the context," Defendants neither identify what "context" the R&R's analysis omits or why such "context" is legally required. As a matter of law, an analysis of whether Defendants acted with deliberate indifference to a serious medical need requires an examination of each Defendant's subjective knowledge of the objectively serious medical need. *See Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). One's subjective knowledge is informed, at least in part, by the context presented to that individual. Therefore, the R&R's analysis of whether Defendants subjectively knew of Rudolph's serious medical need, belies Defendants' contention that the R&R's analysis "entirely ignores the context."[7] Accordingly, this aspect of Defendants' objections is overruled.

Defendants also rely on *Ivey v. Audrain County*, 968 F.3d 845 (8th Cir. 2020), in which the Eighth Circuit concluded that the law had not clearly established what an officer should do when a detainee exhibits obvious signs of medical distress but

---

[7] Defendants argued to the magistrate judge that Rudolph lacked a clearly established right to "specific medical treatment in response to an **unknown** medical risk." As the R&R observes, Defendants misconstrue Plaintiff's allegation. In reality, Plaintiff's allegation is that Rudolph had a constitutional right to "adequate medical care" based on symptoms that were readily known to Defendants.

9

affirmatively declines medical assistance. 968 F.3d at 849–50. But *Ivey* is factually distinguishable. The correctional officers in *Ivey* asked the plaintiff whether he needed medical attention and, even after the plaintiff declined, correctional officers notified a nurse who examined plaintiff later that same morning. *Id.* at 847–48. Here, there is no evidence that Rudolph declined an offer of medical treatment. Moreover, no correctional officer summoned medical staff to meet with Rudolph, regardless of her answer. *Ivey* does not govern this Court's analysis because the critical facts of *Ivey* are meaningfully different.[8]

Defendants also argue that Plaintiff must demonstrate that Defendants' conduct shocks the conscience. Deliberate indifference to a serious medical need requires a showing of culpability equal to the criminal law standard of recklessness. *See Farmer*, 511 U.S. at 835–37 (discussing the origin of the term "deliberate indifference"); *see also McRaven*, 577 F.3d at 982. Such culpability in a custodial setting often is deemed to inherently shock the conscience. *See County of Sacramento v. Lewis*, 523 U.S. 833, 850–53 (1998). Moreover, the Eighth Circuit repeatedly has addressed claims alleging deliberate indifference to serious medical needs without separately analyzing whether such alleged deliberate indifference shocks the conscience. *See, e.g.*, Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015); *Thompson*, 730 F.3d at 746–47; *McRaven*, 577 F.3d at 979–80; *see also Orlowski v. Milwaukee Cnty.*, 872 F.3d 417, 423–24 (7th Cir.

---

[8]   Defendants discount the precedential value of the Eighth Circuit's analysis in *McRaven v. Sanders*, 577 F.3d 974 (8th Cir. 2009), on the ground that it "lacks nuance." But Defendants fail to identify any misapplication of *McRaven* by the magistrate judge in this case. Moreover, Defendants' analysis ignores the principle that this Court may not disregard Eighth Circuit precedent.

2017). Plaintiff need not separately demonstrate that Defendants' conduct shocks the conscience.[9] Accordingly, Defendants' objections to the contrary are overruled.

In summary, Defendants' objections to the R&R's analysis as to the existence of a clearly established constitutional right are overruled. The R&R's recommendation as to this issue is adopted.

## II.    Clear-Error Review

As Defendants do not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error. For this reason, the Court adopts the remainder of the R&R.

---

[9]    Defendants also argue that *Awnings v. Fullerton*, 912 F.3d 1089 (8th Cir. 2019), requires Plaintiff to establish that Defendants' conduct shocks the conscience. But in *Awnings*, the Eighth Circuit suggested that the plaintiff had not demonstrated an objectively serious medical need. 912 F.3d at 1102 (describing plaintiff's injury as "a small laceration," noting that the "examining physician post-arrest declared Awnings fit for incarceration," and remarking that "a chest X-ray showed no fractured ribs or lung damages"). In the absence of an objectively serious medical need, there could not have been deliberate indifference to that need. Moreover, the Eighth Circuit's conclusion that the defendant's conduct did not shock the conscience does not establish that a court must conduct such an evaluation in addition to the applicable deliberate-indifference analysis. Thus, *Awnings* is inapposite.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' objections to the September 28, 2020 R&R, (Dkt. 91), are **OVERRULED**.

2. The September 28, 2020 R&R, (Dkt. 90), is **ADOPTED**.

3. Defendants' motion for summary judgment, (Dkt. 55), is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendants' motion for summary judgment, (Dkt. 55), is **GRANTED** as to Defendants Julie Savat, Amy Rood, Ryan Magnuson, Amber Nelson, Raynor Blum, Nancy Livingood, Ashley Johnson, Anastacia Hermes, Richard Stetz, Brianna Then, Kari White-Tuton, Joel Torkelson, Justin Roberts, Tiffany Larson, and Clay County, Minnesota, and these Defendants are **DISMISSED** from this case; and

    b. Defendants' motion for summary judgment, (Dkt. 55), is **DENIED** as to Counts I and II as alleged against Defendants Deborah Benson, Jana Bartness, Anthony Hanson, Cassie Olson, Devin Lien, and Lucas Heck.

Dated:  November 24, 2020　　　　　　　　　　　s/Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　　　　　　　　Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge