# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Casler, as Trustee for the Heirs and Next-of-Kin of Abby Rudolph, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>MEnD Correctional Care, PLLC, et al.<br><br>Defendants. | Case No.: 18-CV-1020 (WMW/LIB)<br><br>**Findings of Fact<br>and Order Approving<br>Second and Final Distribution<br>of Wrongful Death Proceeds** |

Petitioner, Craig Casler, as Trustee for the Heirs and next-of-kin of Abby Rudolph has petitioned this Court for approval of settlement and distribution of settlement proceeds arising out of the settlement of the above-captioned matter. Petitioner consents to the distribution of settlement proceeds and waives the appearance and notice of hearing as allowed by Minn. Gen. R. Prac. 144.05. The Court, having reviewed the Petition makes the following:

## FINDINGS OF FACT

Pursuant to Minn. Stat. § 573.02 and Minn. Gen. R. Prac. 144.05, Craig Casler, as trustee for the Heirs and next-of-kin of decedent Abby Rudolph, petitions this Court for approval of distribution of settlement proceeds from defendants arising out of the wrongful death of Abby Rudolph. To that end, Petitioner respectfully declares as follows:

1. On February 13, 2019, in the United States District Court, District of Minnesota and with the consent of all of the next-of-kin, Craig Casler was appointed as trustee to maintain a wrongful death action under Minn. Stat. § 573.02 on behalf of the next-of-kin of Abby Rudolph.

2. The names, relationships, and addresses of Abby Rudolph's next of-kin are as follows (dates of birth are not included here but all are of majority):

| **Name** | **Relationship** | **Address** |
|---|---|---|
| Steven Rudolph | Father | 1300 Metropolitan Leavenworth, KS 66048 |
| Allison Rudolph | Sister | 1007 Parke Avenue S. Glyndon, MN 56547 |
| Jack Rudolph | Brother | 1007 Parke Avenue South Glyndon, MN 56547 |

3. This is a wrongful death action involving allegations of negligent care and treatment of Abby Rudolph. Abby Rudolph was nineteen years old when she died at the Clay County Jail on November 3, 2016.

4. Plaintiff previously settled with defendant MEnD Correctional Care, PLLC, and Michelle Pender, individually and in her capacity as Clay County Jail Nurse.

5. Defendants Savat, Rood, Magnuson, Nelson, Blum, Livingood, Johnson, Hermes, Stetz, Then, White-Tutton, Torkelson, Larson, and Roberts, were previously dismissed [Docket No. 90]. The remaining Defendants are Defendants Benson, Bartness, Hanson, Olson, Lien, and Heck.

89725652.1

6. Jill Rudolph who was previously appointed as Trustee in this matter by the Court on March 1, 2017, died on December 20, 2018. Jill Rudolph initially consulted attorney, Mark Anderson of Anderson Law Offices, who believed it would be in the best interest of the Abby Rudolph family to associate with Brandon Thompson, then with the law firm of Robins Kaplan LLP, and now with the law firm of Ciresi Conlin LLP. Mr. Thompson then retained Vince Moccio of Bennerotte & Associates, that specializes in actions pursuant to 42 U.S.C. § 1983. Due to the complexity of the case, the costs involved, and the risk of not making a recovery, the attorneys offered to handle this matter on a 40% contingent fee with contingent repayment of costs. Jill Rudolph agreed to this arrangement and executed a retainer agreement to that effect.

7. After being retained, Petitioner's attorneys did everything that was appropriate in the handling the investigation of this matter, including the evaluation of hundreds of pages of Abby Rudolph's medical records, undertaking extensive medical research, and conferring with numerous medical experts. Plaintiff's counsel consulted with nationally known experts in the field of forensic pathology, addiction psychiatry and nursing in order to determine the nature and extent of the negligence in this case.

8. Plaintiff's counsel placed this matter in suit. Defendants vigorously defended the case. After lengthy discovery and negotiations, Defendants made a settlement offer in the amount of $150,000.00, which Plaintiff accepted. Under the terms of the agreement, remaining Defendants Benson, Bartness, Hanson, Olson, Lien, and Heck will be voluntarily dismissed for the payment of no money and the $150,000 settlement will be paid by Clay County and its insurer.

9. Plaintiff and his counsel discussed the risks and benefits of either accepting the settlement or proceeding to trial against these defendants. After discussing this matter at length, Plaintiff concluded that the settlement was fair and reasonable, and that it was therefore in the best interest of the next-of-kin of Abby Rudolph to accept this offer of settlement and release the remaining defendants.

10. Funeral and burial expenses for Abby Rudolph totaled $7,898.38 and a have been paid.

11. There are no medical expenses related to the negligence claimed by plaintiff.

12. Under the terms of the retainer agreement, Plaintiff's attorneys are entitled to receive forty percent (40%) of the gross amount of recovery, or $ 60,000 in attorneys' fees. Those attorneys' fees are split among the law firms with the firm of Anderson Law Office entitled to 10% of the fee, or $6,000; Bennerotte & Associates, P.A. entitled to 45% of the fee, or $ 27,000, and Ciresi Conlin LLP entitled to 45% of the fee, or $ 27,000.

13. In prosecuting this claim, Ciresi Conlin LLP and Bennerotte & Associates incurred out-of-pocket expenses. Under the terms of the retainer agreement, those out-of-pocket costs were advanced, with repayment contingent on achieving a recovery. The vast majority of those costs were paid out of the previous settlement. Remaining outstanding costs equal $ 12,335.59. Under the terms of the retainer agreement, Ciresi Conlin LLP and Bennerotte & Associates are entitled to be reimbursed for these costs.

4

14. As allowed by Minn. Gen. R. Prac. 144.05, all of the next-of-kin have waived the requirement of a hearing on this matter. There being no dispute over the distribution, Plaintiff requests that the Court consider and approve the foregoing Petition without the need for a hearing.

Based upon the foregoing, the Court ORDERS:

A. Approving the distribution of proceeds of settlement for the wrongful death claim of Abby Rudolph as set forth within the Petition.

B. Authorizing Craig Casler, as trustee for the Heirs and next-of-kin of Abby Rudolph, to distribute the recovered proceeds as follows:

| | |
|---|---|
| To Ciresi Conlin LLP for attorneys' fees and costs | $ 37,788.75 |
| To Bennerotte & Associates for attorney's fees and costs | $ 28,546.84 |
| To Anderson Law Office for attorney's fees | $ 6,000.00 |
| To Allison Rudolph | $ 30,888.14 |
| To Jack Rudolph | $ 25,888.14 |
| To Steven Rudolph | $ 20,888.13 |

C. Authorizing Petitioner Craig Casler to execute an appropriate release(s) and any other document(s) necessary to finalize this portion of the settlement for the next-of-kin of Abby Rudolph, decedent.

Dated: _____  _____
Wilhelmina M. Wright
UNITED STATES DISTRICT JUDGE